| | |
|---|---|
| United States District Court | Southern District of Texas |

| | | |
|---|---|---|
| Kenneth Fontenot, | § | |
| | § | |
| Plaintiff, | § | |
| versus | § | Civil Action H-05-2149 |
| | § | |
| | § | |
| Department of Veterans Affairs, | § | |
| James R. Nicholson, Secretary, | § | |
| | § | |
| Defendant. | § | |

# Opinion on Summary Judgment

1. *Introduction.*

A man was rejected for three promotions. He says that it was because of his age and race and in retaliation for his filing grievances. His employer says that others were more qualified for the positions. The employer has moved for summary judgment and will prevail.

2. *Background.*

Kenneth Fontenot is a black man who is over 40 years old. Since 1978, he has worked in the Nutrition and Food Services section of the Department of Veterans Affairs. He started as a cook, and he has since advanced to a mid-level supervisor.

In April 1994, Fontenot asked his supervisor – Pamela Brown – to rotate his job duties so that he could learn about other positions in the department. She refused. In response, Fontenot filed a complaint with the Equal Employment Opportunity Commission.

Fontenot says that soon his workload increased, and his evaluations declined. He, therefore, filed another complaint against Brown in November 1995. He alleged retaliation.

Five years later, in August 2000, Fontenot applied for a promotion. He was interviewed but not selected. The Department hired Benjamin Lima – a 29 year old Hispanic.

In October 2000, the Department posted an opening for another, more senior position. Again, Fontenot applied, and then was interviewed and rejected.

In January 2001, Lima was promoted to fill the position. Fontenot filed a third complaint.

William Blakes – a black man over 40 years old – was hired to fill the vacancy left by Lima.

Fontenot testified that he was temporarily promoted on three rotations in 2000. He was also promoted on April 1, 2001.

In February 2004, following Lima's death, the Department accepted applications for his position. Both Blakes and Fontenot applied and were rejected. Steve Gallardo – a 35 year old Hispanic – was hired.

Not surprisingly, Fontenot says that he was the best man for each position. He argues that he was not promoted because of his race and age and in retaliation for filing the grievances.

3.  *Preclusion.*

Fontenot's claims are barred. He filed complaints with the Equal Employment Opportunity Commission in 1994, 1995, and 2001. To complain in this forum about those incidents, he must have brought suit within 90 days of receiving a right-to-sue letter from the Commission. 42 U.S.C. § 2000e-5(f)(1). He did not.

Second, Fontenot did not exhaust his administrative remedies. He never filed a grievance with the Commission about the discrimination and retaliation that he now says occurred in connection with the 2004 promotion. He, therefore, could not complain here now even if the suit was timely.

Even if Fontenot had followed the rules, his claims would fail.

4.  *Age.*

To establish his the age-discrimination claim, Fontenot must prove that at the time of the interviews, (a) he was over 40 years old, (b) he was qualified for the jobs, (c) the Department rejected him, and (d) it hired someone under 40 years old.

In his motion for summary judgment, Fontenot concedes that he has no claim against the Department for hiring Blakes. Both men were in the protected class. During the administrative

investigation, however, when asked why he believed that Blakes was hired over him, Fontenot responded, " . . . . our age, probably – most likely, it was age." (Def.'s Summ. J. Ex. A. 14.)

Because Lima and Gallardo were under 40 when hired, the parties have stipulated that Fontenot has met his initial burden as to them.

4.   *Race.*

To establish a race-discrimination claim, Fontenot must show that: (a) he is black, (b) he was qualified for the positions, (c) the Department rejected him, and (d) the Department hired a non-black.

Again, Fontenot abandons his claim against Blakes – a black, and the parties stipulate that he has met his initial burden as to Lima and Gallardo.

5.   *Legitimate Reason.*

The burden shifts to the Department to demonstrate a legitimate reason for rejecting Fontenot. *McDonnell Couglas Corp. v. Green*, 411 U.S. 792 (1973).

For each position, the applicants were interviewed by a panel of at least three people from various sections of the Department. The panel scored the candidates in four areas: (a) interview; (b) supervisory controls; (c) education; and (d) management. The two or three applicants with the highest scores were then recommended to a selecting official.

For the first position in 2000, Brenda Evans, Nancy Baker, and Otis Jackson sat on the panel. They ranked Lima first, Blakes second, and Fontenot fifth. The second panel was comprised of Caroline Nelson, Renee Walker, Rosetta Thompson, and Edwin Kuny. Lima was first, and Fontenot was eighth. In 2004, the panel was Debbie Patterson, James Palmer, Michael King, Mary Jane Mader, and Darcie Asakura. Fontenot was fifth out of seven.

Fontenot assumes that Brown disliked him after he filed a complaint against her. He says that Brown appointed Evans – her friend – to the selection panel to ensure that he did not get the promotion. He posits that Evans convinced Baker and Jackson to give him a low score. He does not explain how she influenced the members of her panel, much less the panels on which she did not sit.

Fontenot cannot create a fact issue, or prove pretext, with his paranoia. Even if Evans encouraged the low score, her conduct would be illegal only if she did it because of his age or

race. The fact that she gave Blakes – a black over 40 years old – a top score negates Fontenot's theory.

The Department has shown that Fontenot was not promoted because he was not the best candidate.

6. *Retaliation.*

Next, Fontenot claims that the Department did not promote him in retaliation for his complaints. Again, he suggests that Brown chose Evans as the selection panel's chairperson to impede his promotion. He offers testimony from a co-worker who says that Evans said that Fontenot would advance only "over my dead body." He also swears that Evans told him that he should not apply for the position.

Fontenot says that Evans's statements are "most telling." They are not. They show only that Evans did not think that he should advance and was candid enough to say so to his face. There is no evidence to suggest that her attitude was associated with a grievance filed against someone else five years earlier.

Regardless, Fontenot testified that he was promoted in 2000 and 2001. (Def.'s Summ. J. Ex. A. 22.) Not only was he promoted, but at least one promotion occurred while Brown was still with the Department.   These facts negate Fontenot's claims entirely.

7. *Selection Process.*

Fontenot says that the selection process was unfair. Specifically, he says that "the selection process . . . . [was] marred with flaws, flagrant disregard to agency policies and missteps, so much that it raises a cloud of doubt as to the authenticity of the selection process." (Pl's Resp. 7.)

According to Fontenot, Lima was prematurely promoted against government regulations. The Department has shown otherwise. 5 CFR § 300.602. Next, he suggests that the Department destroyed the notes from his interview. He has no evidence to support this claim. He was also upset that there were no cooks on the panels – another irrelevant rant.

- 5 -

8.  *Conclusion.*

Fontenot is unhappy with the result, not the process.  Fortunately, his subjective belief that he was the best candidate was not enough to get the job, and it is not enough to prevail in a lawsuit.  He will take nothing.


Signed May 19, 2006, at Houston, Texas.


_____
Lynn N. Hughes    USDJ
United States District Judge